IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. Gina Gotcher,<br>  Plaintiff,<br>v.<br>1. Pc Woodland Manor, LLC,<br>  An Oklahoma Limited Liability<br>  Company,<br>  Defendant. | Case Number: 22-cv-321-CVE-SH |

## COMPLAINT

1. Plaintiff, Gina Gotcher, brings this action against the Defendant, PC Woodland Manor, LLC, for violations of the **Fair Housing Act** and the **Fair Housing Amendments Act, 42 U.S.C.A. § 3601**, **et seq.**, the **Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794**, the **Oklahoma Discrimination in Housing Act** and the **Oklahoma Anti-Discrimination Act, 25 Okla. Stat. § 1401, et. seq.**, the **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 751, et seq.**, for common law malicious prosecution, and for common law breach of contract.

2. The Defendants denied and delayed necessary reasonable accommodations to the Plaintiff, a person, known to them as a person with disabilities, in violation of the **Fair Housing Act, the Oklahoma Discrimination in Housing Act,** and **the Rehabilitation Act of 1973, § 504**.

3. The Defendants have made discriminatory statements that violate the **Fair Housing Act**, the **Oklahoma Discrimination in Housing Act**, and the **Rehabilitation Act of 1973, § 504** because of the Plaintiff's disability.

1

4. The Defendants retaliated against the Plaintiff for exercising guaranteed civil rights based upon her membership in one or more protected classes in violation of the **Fair Housing Act**, the **Rehabilitation Act of 1973**, and the **Oklahoma Anti-Discrimination Act**.

5. The Defendants violated the **Oklahoma Consumer Protection Act** and the **Oklahoma Contract Act**, by engaging in fraud, and unfair and deceptive trade practices in respect to the granting of a reasonable accommodation and the recertification of the Plaintiff..

6. The Defendants maliciously prosecuted the Plaintiff by maliciously filing lawsuits against her, without probable cause, to the detriment of the Plaintiff.

7. The Defendants breached the lease agreement by engaging in each of the aforementioned actions.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the Plaintiff's claims brought under federal law pursuant to **28 U.S.C. §§ 1331**, **1343**, and **2201** and jurisdiction over state law claims pursuant to **28 U.S.C. § 1367**.

9. This Court has personal jurisdiction over the Defendants because the Defendants conduct business in the Northern District of Oklahoma, in Tulsa County, the subject contract was made and expected to be performed in the Northern District of Oklahoma, and the Plaintiff's claims for relief arise from the Defendants' discriminatory conduct and breach of contract that occurred in the Northern District of Oklahoma, in Tulsa County.

10. Venue is proper in this judicial district pursuant to **28 U.S.C. § 1391 (b)** because all or a substantial part of the acts and omissions of the Defendants giving rise to this action occurred in the Northern District of Oklahoma.

**PARTIES**

11. Plaintiff, Gina Gotcher is a sixty-one-year-old disabled female tenant. She resides at the Woodland Manor Apartments. Ms. Gotcher experienced a brain injury which has resulted in her having neurological impairments causing seizures, migraines, and visual impairments. Ms. Gotcher's physical impairments substantially limit her ability to engage in the major life activities of walking, seeing, balancing, and standing. Because of Ms. Gotcher's physical conditions, she experiences substantial limitations for exposure to the sun and difficulty safely navigating stairs. Her disabilities also substantially limit her ability to work. Ms. Gotcher receives disability income to assist her with basic subsistence. She also receives a housing choice voucher from the Tulsa Housing Authority (THA) to assist her with paying her rent.

12. PC Woodland Manor, LLC is an Oklahoma Limited Liability Company in Oklahoma. PC Woodland Manor LLC owns and manages the Woodland Manor Apartments, an independent living community for seniors 55 and older, in Tulsa, Oklahoma. where Ms. Gotcher resides. PC Woodland Manor accepts Housing Choice Vouchers for low-income residents.

## BACKGROUND FACTS

**Ms. Gotcher's tenancy and request for a reasonable accommodation**

13. Ms. Gotcher became a tenant at the Woodland Manor Apartments in or around January 2020.

14. Ms. Gotcher informed the Defendant that she relied upon a housing choice voucher to assist with paying her rent.

15. The Defendant offered Ms. Gotcher an apartment on the second floor.

16. As described *supra,* Ms. Gotcher has physical impairments that substantially limit her abilities to see, walk, and balance.

17. During the first year of her tenancy, Ms. Gotcher had problems with navigating safely down the stairs from the second floor.

18. Additionally, her second-floor unit has substantial exposure to the sun. The excessive solar intrusions exacerbated Ms. Gotcher's disabilities and caused her to experience increased migraines and other complications.

19. Ms. Gotcher's physical conditions worsened during the first year of her tenancy to the point that it was no longer safe for her to live at her in a second-floor apartment.

20. In March 2021, the Defendant renewed Ms. Gotcher's lease.

21. At the lease renewal, Ms. Gotcher requested to be moved to a first-floor apartment. She informed the Defendant's property manager that she needed to move to a first-floor unit because her disabilities – especially her vision and balance – made it very unsafe for her to live in her second-floor unit.

22. When she made the request, the Defendant's property manager immediately denied the request.

23. The property manager also discouraged Ms. Gotcher from pursuing the requested accommodation by telling her that the Defendant would charge her more for a first-floor unit.

24. The property manager also informed Ms. Gotcher that the housing authority would have to approve the accommodation and that it would take a long time.

25. The property manager further discouraged Ms. Gotcher from pursuing the requested accommodation by informing her that Ms. Gotcher would have to agree to a month-to-month tenancy, which would be $40 more per month.

26. Lastly, the property manager told Ms. Gotcher if she wanted to move, she would have to pay a two-month rental penalty to break the lease.

27. Ms. Gotcher initially gave the Defendant a notice that she intended to move, but she rescinded that notice after her disabilities interfered with her ability to look for housing.

### Retaliation, the HUD Complaint, and the First Eviction Action

28. In June 2021, Ms. Gotcher did not move out of the complex, because of complications from her disabilities.

29. The Defendant issued nasty notices to Ms. Gotcher and banned her from coming to the leasing office without an appointment.

30. In July 2021, Ms. Gotcher retained counsel who renewed Ms. Gotcher's requested accommodation.

31. Ms. Gotcher also provided verification from her doctor to support her request to relocate.

32. The Defendant did not respond to Ms. Gotcher's request for an accommodation.

33. The Defendant had available units at the complex which would have met Ms. Gotcher's disability-related need, but did not offer her any of those.

34. In January 2022, Ms. Gotcher filed a housing discrimination complaint with the United States Department of Housing and Urban Development (HUD) because the Defendant refused to grant her requested reasonable accommodation.

35. In February 2022, the Defendant filed a forcible entry and detainer action (FED) in the Tulsa County District Court to evict Ms. Gotcher from the unit. **Pc Woodland Manor, LLC., v. Gotcher,** Tulsa County District Court Case Number SC-2022-1885.

36. At the eviction hearing, the Defendant's property manager admitted that she only filed the eviction action because Ms. Gotcher filed the HUD complaint.

37. On March 11, 2022, the district court denied the Defendant's request to evict Ms. Gotcher and denied the request for possession of her unit. The district court also denied the request for reconsideration on April 26, 2022.

**Retaliation: Refusal to Complete Ms. Gotcher's Voucher Paperwork**

38. In March 2022, after the district court denied the Defendant's request for possession, Ms. Gotcher presented her renewal voucher, again, for housing to the Defendant.

39. The voucher needed to be completed so that Ms. Gotcher would receive continued assistance from the housing authority to pay her rent.

40. The Defendant received the voucher application but refused to complete it or return it. Ms. Gotcher lost her voucher assistance as a result.

41. To date, the Defendant has not returned the voucher paperwork.

42. The Defendant's contract required it to complete the voucher renewal forms and also prevented termination of the tenancy absent good cause.

### The Second Eviction Action

43. In June 2022, the Defendant filed a second eviction action in the Tulsa District Court. **Pc Woodland Manor, LLC., v. Gotcher,** Tulsa County District Court Case Number SC-2022-7629. It is set for hearing on July 20, 2022.

44. In the second eviction action, the Defendant attempted to relitigate the same issues raised and decided in the previous eviction action.

45. Additionally, the Defendant claimed that Ms. Gotcher violated the lease because she knocked on the office door to pay her rent without first requesting an appointment.

46. The Defendant also claimed that Ms. Gotcher violated the lease because she was trying to find a maintenance worker who was working in another tenant's unit with the door open.

47. To date, the Defendant has done nothing to accommodate Ms. Gotcher's disability-related need.

## INJURY TO THE PLAINTIFF

48. As a result of the Defendant's actions as described above, the Plaintiff suffered and continues to suffer irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and deprivation of her rights to equal housing opportunities because of her disabilities and her sex. She has suffered harm in excess of $100,000.

49. By engaging in the unlawful conduct described above, the Defendant acted intentionally and maliciously with callous and reckless disregard of the federally and statutorily protected rights of the Plaintiff. Therefore, this Court must award punitive damages to Ms. Gotcher to punish the Defendant for its conduct and to make an example of it to others.

50. A monetary judgment alone is inadequate to fully relieve Ms. Gotcher of the injuries that she has sustained because of the untenable conduct of the Defendant. She seeks injunctive relief, pursuant to the civil rights laws, to enjoin the Defendant from continuing to engage in the unlawful housing discrimination.

51. Additionally, the conduct of the Defendant is unconscionable as a matter of law. Therefore, this Court must award Ms. Gotcher civil penalties against the Defendant, pursuant to the **Oklahoma Consumer Protection Act**, for each violation of the Act. Because of the egregiousness of the Defendant's conduct, this Court must award to Ms. Gotcher the maximum penalty for each violation of the Act.

## COUNT I

### *Violations of the Fair Housing Act, 42 U.S.C. § 3604 (c)*

52. The Plaintiff repeats her assertions of facts contained in paragraphs 1 through 51 above as if fully set forth herein.

53. Under the **Fair Housing Act**, **42 USC § 3604 (c)**, and the facts pleaded herein, the Defendant has unlawfully made statements to the Plaintiff, with respect to her rental, that indicated a preference, limitation, and discrimination because of her disability (handicap).

## COUNT 2

### *Violation of 42 U.S.C. § 3604 (f) (1) (A) and (C), and (3) (B).*

54. The Plaintiff repeats her assertions in paragraphs above as if fully set forth herein in paragraphs 1 through 51 above as if set out in full herein.

55. Under the **Fair Housing Amendments Act of 1988**, **42 U.S.C. § 3604 (f) (1) (A)**, and the facts pleaded herein, the Defendant has engaged in an unlawful discriminatory housing practice by refusing to rent, to negotiate for rental, and otherwise making housing unavailable to the Plaintiff because of her handicap (disability).

56. Under the **Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604 (f) (2) (A)**, and the facts pleaded herein, the Defendant has engaged in an unlawful discriminatory housing practice by subjecting the Plaintiff to different terms, conditions, and privileges of rental because she is a person with a disability.

57. Under the **Fair Housing Amendments Act of 1988, 42 U.S.C. § 3604 (f) (3) (B),** and the facts pleaded herein, the Defendants have engaged in an unlawful

discriminatory housing practice by refusing to grant the Plaintiff's requested reasonable accommodations when such were necessary to afford her an equal opportunity to use and to enjoy her dwelling at the apartments.

## COUNT 3

*Violation of the 42 U.S.C. § 3617*

58.     The Plaintiff repeats all previous assertions of fact as raised in paragraphs 1 through 51 as if set fully set forth herein.

59.     Under the **Fair Housing Act, 42 U.S.C. § 3617**, and the facts set forth above, the Defendant engaged and are engaging in unlawful housing discrimination by their repeated acts of harassment, threats, intimidation, and coercion to the Plaintiff because she exercised rights protected under the **Fair Housing Act**, and under the **Fair Housing Amendments Act**.

## COUNT 4

*Violations of the Oklahoma Discrimination in Housing Act and Anti-Discrimination Act, 25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (15) (a) (1), (b) (1), (16) (b), and 1601 (1).*

60.     The Plaintiff repleads and incorporates all previous assertions set forth above in paragraphs 1 through 51 as if set out fully herein.

61.     Under the Oklahoma Discrimination in Housing Act, **25 Okla. Stat. Ann. §§ 1452 (A) (1), (3), (15) (a) (1), (b) (1), (16) (b)**, the Defendant's actions alleged above, constitute prohibited housing discrimination on the basis of disability.

62. Under the Oklahoma Anti-Discrimination Act, **25 Okla. Stat. Ann. § 1601 (1)**, the Defendant's conduct also constitutes unlawful discrimination because the Plaintiff opposed a discriminatory practice and filed a complaint to stop the conduct.

### COUNT 5

*Violation of the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794*

63. The Plaintiff repleads and incorporates all previous assertions set forth above in paragraphs 1 through 51 as if set out fully herein.

64. The Defendant, as a recipient of federal financial assistance, must follow the **Rehabilitation Act of 1973, § 504**, to provide qualified disabled individuals an equal opportunity to participate in its housing program.

65. At all times during her occupancy, and presently, Ms. Gotcher qualified and qualifies to participate in the Defendant's federally financially assisted housing program.

66. The Defendant has denied her an equal opportunity to participate in its federally financially assisted housing program by refusing to grant her requested reasonable accommodation, by refusing to complete her housing voucher, and by retaliating against her for exercising that protected right.

67. Under the **Rehabilitation Act of 1973, § 504**, the Defendant's actions alleged above, inasmuch as they were taken in respect to the Plaintiff's disability, constitute unlawful discrimination on the basis of disability in violation of **§ 504**.

## COUNT 6

### *Breach of Contract*

68. The Plaintiff repleads and incorporates all previous assertions set forth above in paragraphs 1 through 51 above as if set out fully herein.

69. The Defendant's actions alleged above, constitute breaches of contract, specifically the lease agreement, since the lease prohibits the actions alleged above.

70. Ms. Gotcher has been harmed, as set out above, as a direct result of the Defendant's conduct.

71. Ms. Gotcher is entitled to damages, including a reasonable attorney fee for the prosecution of this case.

## COUNT 7

### *Malicious Prosecution*

72. The Plaintiff repleads and incorporates here all foregoing allegations of facts pleaded in paragraphs 1 through 51 above as if set out fully herein.

73. "[I]f the elements which comprise malicious prosecution are met and material damages are demonstrable, a plaintiff may prevail upon this cause of action without having to prove special injury or grievance." Greenberg v. Wolfberg, 1994 OK 147, 890 P.2d 895, 900–01

74. Under Oklahoma law, the elements for a malicious prosecution claim are: the Defendants "(1) initiated the proceedings embraced within the multi-componential predicate and these proceedings were (2) brought *without* probable cause, (3) motivated by

malice, (4) terminated in the plaintiff's favor and (5) damaging to the plaintiff. <u>Greenberg v. Wolfberg</u>, 1994 OK 147, 890 P.2d 895, 901–02

75. The facts, as provided above support a cause of action for malicious prosecution favoring the Plaintiff.

## COUNT 8

*Violation of the Oklahoma Consumer Protection Act, 15 Okla. Stat. § 751, et seq.*

76. The Plaintiff repleads and incorporates all previous assertions set forth above in paragraphs 1 through 51 as if set out fully herein.

77. The **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 752 (1)** defines a person as "a natural person, corporation, trust, partnership, incorporated or unincorporated association, or any other legal entity."

78. The **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 752 (2)** defines a consumer transaction as, "the advertising, offering for sale or purchase, sale, purchase, or distribution of any services or any property, tangible or intangible, real, personal, or mixed, or any other article, commodity, or thing of value wherever located, for purposes that are personal, household, or business oriented."

79. The Defendant is the contracting party to the lease agreement of the Plaintiff.

80. The Defendant owns and operate the Woodland Manor Apartments in which the Plaintiff lives.

81. Pursuant to the **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 753 (20)**, "A person engages in a practice which is declared to be unlawful under the Oklahoma

Consumer Protection Act when, in the course of the person's business, the person: 20. Commits an unfair or deceptive trade practice as defined in Section 752 of this title."

82. The **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 752 (13)** defines a Deceptive Trade Practice as, "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral."

83. The **Oklahoma Consumer Protection Act, 15 Okla. Stat. § 752 (14)** defines an Unfair Trade Practice as, "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

84. The Defendant violated the **Oklahoma Consumer Protection Act** by issuing unlawful, unfair, and deceptive termination notices. The Defendant did so with the expectation of misleading and forcing the Plaintiff to vacate her unit to her detriment. The intended result was that the Plaintiff would lose her housing, housing assistance, and become homeless.

85. The Defendant violated the **Oklahoma Consumer Protection Act** by unfairly and deceptively filing court process to have the Plaintiff removed from a dwelling of which she is a lawful tenant. The Defendants' conduct was misleading, immoral, unethical, oppressive, unscrupulous, and substantially injurious to the Plaintiff.

86. The Defendants violated the **Oklahoma Consumer Protection Act** by unfairly filing court process to have the Plaintiff divested of possession of a unit of which

14

she was a lawful tenant. The Defendants' conduct was immoral, unethical, oppressive, unscrupulous, and substantially injurious to the Plaintiff.

87. The conduct of the Defendants is unconscionable, as a matter of law, because the Defendants knowingly or with reason to know, took advantage of a Ms. Gotcher, a consumer reasonably unable to protect her interests because of her age, physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar fact. **15 Okla. Stat. § 761.1 (B)**.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays:

A. That the Defendant be ordered to take appropriate affirmative actions to ensure that the activities complained of are not engaged in again by it or any of its agents;

B. That the Court find that the Defendant has violated the Fair Housing Act, the Fair Housing Amendments Act, the Oklahoma Discrimination in Housing Act, and the Oklahoma Anti-Discrimination Act as set forth above.

C. That the Court find that the Defendant has violated the Rehabilitation Act of 1973, § 504, as set forth above.

D. That the Court find that the Defendant, through its actions, has breached its contract with the Plaintiff.

E. That the Court find that the Defendant has maliciously prosecuted the Plaintiff as set forth above.

F. That the Defendant, its agents, employees, and successors be permanently enjoined from discriminating on the bases of handicapped/disabled status against any

person in violation of the Fair Housing Act of 1968, as amended, the Fair Housing Amendments Act of 1988, the Rehabilitation Act of 1973, Section 504, and the Oklahoma Housing in Discrimination Act;

    G.    That appropriate compensatory, statutory, nominal, and punitive damages be awarded to the Plaintiff in an amount appropriate to proof at trial, pursuant to the foregoing statutes;

    H.    That the Court find that the Defendant violated the Oklahoma Consumer Protection Act, that such conduct was unconscionable, and award the Plaintiff her actual damages and the civil penalties in an amount not less than $2,000 per occurrence.

    I.    That the Plaintiff be awarded her costs and reasonable attorney's fees in this action; and

    J.    That the Plaintiff be awarded such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMANDED

Trial by Jury is demanded on all issues.

Dated: July 20, 2022

>Respectfully submitted,
>
>*Attorney for the Plaintiff,*
>*Ms. Gina Gotcher*
>
>s/ Teressa L. Webster_____
>Teressa L. Webster OBA #30767
>LEGAL AID SERVICES OF OKLAHOMA, INC.
>530 Court Street
>Muskogee, Oklahoma 74401
>Telephone:   (918) 683-5681
>Facsimile:   (918) 683-5690
>Email: Teressa.Webster@laok.org