UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GINA GOTCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0321-CVE-MTS |
| ) | |
| PC WOODLAND MANOR, LLC and ) | |
| RPM LIVING, LLC, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Plaintiff's Motion for an Ex Parte Emergency Temporary Restraining Order, a Temporary Restraining Order and Brief in Support (Dkt. # 9); Plaintiff's Second Motion to Amend the Complaint (Dkt. # 23); and Plaintiff's Application/Motion for the Entry of Default Judgment against Defendant RPM (Dkt. # 24). Plaintiff seeks leave to file a second amended complaint adding additional parties and claims, because she will not be able to obtain complete relief against the parties named in the amended complaint. Dkt. # 23. Plaintiff asks the Court to enter default judgment against RPM Living, LLC (RPM), because RPM failed to file an answer after she sent a copy of the amended complaint and a summons to RPM's attorney. Dkt. # 24. Plaintiff also seeks a temporary injunction preventing the named defendants from evicting her from her apartment, and she asks the Court to compel defendants to grant her request for an accommodation due to her disability. Dkt. # 9.

Plaintiff filed this case alleging that defendants PC Woodland Manor, LLC (PCWM) and RPM discriminated against her for requesting a housing accommodation due to her disability. Plaintiff states that she rents an apartment at the Woodland Manor Apartments complex in Tulsa, Oklahoma, and she has a severe brain injury that causes neurological impairments and impacts her

ability to walk.  Dkt. # 8, at 3.  Plaintiff claims that she lives in a second floor apartment, and use of the stairs and "excessive solar intrusions" have exacerbated her disabilities, and she requested to be moved to a first floor apartment.  Id. at 4-5.  She claims that the apartment manager denied her request for an accommodation, actively discouraged plaintiff from renewing her request for an accommodation, and banned her from going to the leasing office without an appointment.  Id. at 5-6.  Plaintiff filed a complaint with the United States Department of Housing and Urban Development (HUD), and she claims defendants retaliated against her by repeatedly seeking to evict her.  Id. at 6-8.  Plaintiff seeks monetary and injunctive relief against defendants under the Fair Housing Act, 42 U.S.C. § 3601 et seq. (FHA), the Rehabilitation Act of 1973 and subsequent amendments, and Oklahoma law.  Plaintiff also seeks a temporary restraining order requiring defendants to move her to a first floor apartment and preventing defendants from attempting to evict her.  Dkt. # 9, at 6.

Plaintiff requests leave to file a second amended complaint adding numerous defendants, and the named defendants do not oppose plaintiff's motion.  Dkt. # 23, at 3.  Plaintiff states that she needs to amend her complaint to add the current owners and property managers of the apartment complex, because the named defendants no longer own or manage the property.  Plaintiff seeks to add two defendants, Vesta Realty LLC and Bridge Property Management, which she believes were property managers of the apartment complex during time periods relevant to the lawsuit, and she intends to bring claims against entities that are members or parent companies of PCWM .  Dkt. # 23, at 2-3.  Plaintiff also intends to assert claims against tenants of the apartment complex who she believes are working in concert with the owners or managers to have her evicted from her apartment.  Id. at 2.  The Court has reviewed plaintiff's motion to amend (Dkt. # 23) and finds that it should be granted.   Plaintiff is cautioned that her proposed second amended complaint would add 14

2

defendants to the case, and she must have a good faith basis to believe that each of the named defendants is potentially liable to her. The mere existence of a corporate or organizational relationship between parties will not be enough to establish potential liability to the plaintiff. Plaintiff is also advised that she will have to be substantially more specific as to which claims are asserted against which defendants, because the proposed second amended complaint appears to be alleging all eight counts against "defendants" without any additional clarification. It is unlikely that there is a colorable basis for plaintiff to assert all of her claims against each of the 16 defendants she intends to name in her second amended complaint, and it is not clear that the proposed second amended complaint gives each defendant sufficient notice of the factual basis for plaintiff's claims.

The Court finds that plaintiff's motion for a temporary restraining order (Dkt. # 9) is moot in light of plaintiff's request to file a second amended complaint. The motion to amend (Dkt. # 23) states that the named defendants may not be the current owners or operators of the apartment complex where plaintiff resides, and it does not appear that any injunctive relief against these defendants would help to maintain the status quo while this case is pending. Plaintiff may, if appropriate, file a motion for preliminary injunction against certain defendants should there a need to maintain the status quo while this case is pending.

Plaintiff seeks default judgment against RPM due to RPM's failure to file an answer after plaintiff sent a copy of the amended petition and a summons to RPM's counsel. Dkt. # 24. On December 20, 2022, Calvert McMahon sent a letter to plaintiff's counsel identifying himself as attorney for RPM, and he asserted that RPM had no liability to plaintiff for malicious prosecution. Dkt. # 24-1. However, he did not represent that he was authorized by RPM to accept service of process. On January 11, 2023, plaintiff's counsel sent an e-mail to McMahon asking if he was

authorized to accept service on behalf of RPM, but McMahon did not respond to the e-mail. Dkt. # 24-2. Plaintiff claims that McMahon's failure to respond to the e-mail was an implied admission that he agreed to accept service, because he did not expressly deny that he would agree to accept service of process on behalf of RMP. Dkt. # 22, at 1. On January 17, 2023, a copy of the amended complaint and a summons was delivered to McMahon, but RPM did not file an answer or otherwise respond to plaintiff's amended complaint. Id. at 2. Plaintiff claims that RPM's answer was due no later than February 7, 2023 and plaintiff seeks default judgment against RPM.

Plaintiff's motion for default judgment (Dkt. # 24) should be denied for two reasons. First, plaintiff has not properly served RPM and RPM had no obligation to file an answer after plaintiff's attempted service on McMahon. The law is clear that an attorney has no duty or obligation to accept service of process on behalf of a client unless the client has expressly authorized the attorney to act in this capacity. Urioste v. Corizon and Centurion Health Care Providers, 2022 WL 879202 (D.N.M. Mar. 23, 2022); R.M. v. Dennis, Jackson, Martin & Fontela, P.A., 2020 WL 1309974 (D. Utah Mar. 19, 2020). McMahon did not respond to plaintiff's request for him to accept service on behalf of RPM, and plaintiff has cited no authority suggesting that this could be treated as implied consent to accept service of behalf of a client. Plaintiff has also made no attempt to show that it was unable to serve RPM by the means permitted in Fed. R. Civ. P. 4, and the Court finds no reason to permit service on RPM's counsel as a form of substituted service. Penn-Star Ins. Co. v. Business Futures, Inc., 2021 WL 5071822 (Sep. 14, 2021) (permitting substitute service on counsel after the plaintiff detailed its extensive efforts to serve the defendant). Second, plaintiff has failed to comply with local rules before filing a motion for default judgment. LCvR 55-1 requires that a party seeking a default judgment obtain the entry of default by the Court Clerk before filing a motion for default

judgment. Plaintiff has not obtained entry of default against RPM and its motion for default judgment would be premature even it plaintiff had properly served RPM.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Amend the Complaint (Dkt. # 23) is **granted**, and plaintiff may file a second amended complaint in compliance with this Order no later than **May 22, 2023**.

**IT IS FURTHER ORDERED** that Plaintiff's Application/Motion for the Entry of Default Judgment against Defendant RPM (Dkt. # 24) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Ex Parte Emergency Temporary Restraining Order, a Temporary Restraining Order and Brief in Support (Dkt. # 9) is **moot**.

**DATED** this 15th day of May, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE