UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GINA GOTCHER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 22-CV-0321-CVE-MTS |
| | ) |
| **PC WOODLAND MANOR, LLC and** | ) |
| **RPM LIVING, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter comes on for consideration of Plaintiff's Motion for an Ex Parte Emergency Temporary Restraining Order, a Temporary Restraining Order and Brief in Support (Dkt. #27). Plaintiff Gina Gotcher asks the Court to enter a temporary restraining order preventing defendants from evicting her from her apartment and other injunctive relief pending the conclusion of this case. Dkt. # 27. Defendants PC Woodland Manor, LLC (PC) and RPM Living, LLC (RPM)[1] respond that they do not own or manage the apartment building where Gotcher resides, and they do not have the ability to grant plaintiff the injunctive relief she seeks. Dkt. # 29.

Gotcher alleges that she leases an apartment at the Woodland Manor Apartment complex in Tulsa, Oklahoma, and she currently resides in a second floor apartment. Dkt. # 8, at 4. Gotcher states that she is 61 years old and suffers from multiple neurological and physical impairments. Id. at 3. Gotcher alleges that she requested to be moved to a first-floor apartment due to her impairments, especially her vision and balance problems, and the property manager immediately denied her request and discouraged from making an further requests for an accommodation due to

---

[1] The original complaint did not name RPM as a party, but plaintiff filed an amended complaint (Dkt. # 8) naming both PC and RPM as parties.

her disability. Id. at 5. Gotcher claims that defendants sought to have her evicted from her apartment in retaliation for her request for an accommodation, and she alleges that defendants refused to complete her voucher paperwork that would allow her to receive financial assistance. Id. at 6-7. Gotcher filed this case seeking relief under the Fair Housing Act, the Rehabilitation Act of 1973, and the Oklahoma Consumer Protection Act. She also alleges common law claims of breach of contract and malicious prosecution under Oklahoma law. Gotcher seeks compensatory and punitive damages, and she asks the Court to order defendants to "take appropriate affirmative action to ensure that the activities complained of are not engaged in again by it or any of its agents." Id. at 15.

Gotcher filed a motion (Dkt. # 9) seeking a temporary restraining order against PC and RPM, and she also requested leave to file a second amended complaint adding 14 new defendants. The Court found that Gotcher's motion for a temporary restraining order was moot, because the named defendants were not the current owner or manager of Woodland Manor Apartments. Dkt. # 26, at 3. The Court granted Gotcher leave to file a second amended complaint adding new defendants and claims, but cautioned Gotcher that she must have a good faith basis to believe that each defendant that she intended to add was potentially liable to her. Gotcher did not file a second amended complaint adding the current owner or manager of the apartment complex as parties, and the operative pleading is still the amended complaint (Dkt. # 8). However, she has renewed her motion for a temporary restraining order against PC and RPM and she asks the Court to maintain the "status quo" until the conclusion of this case. According to Gotcher, defendants must move her to a first-floor apartment, complete her voucher paperwork for financial assistance, and cease from seeking to evict her from her apartment. Dkt. # 27, at 5.

Plaintiff has not cured the problem identified by the Court in its prior opinion and order (Dkt. # 26), and her motion for injunctive relief should be denied. The parties agree that PC is no longer the owner of Woodland Manor Apartments, and PC's interest in the property has been conveyed to Best Living, LLC. Dkt. # 27, at 6. RPM is no longer the property manager, and Gotcher states that Vesta Realty, LLC is the current property manager for Woodland Manor Apartments. Id. Neither PC nor RPM can move plaintiff to a new apartment or engage in any other conduct related to plaintiff's apartment, because defendants do not own or operate the apartment complex. Plaintiff had an opportunity to file a second amended complaint naming the current owners or operators of Woodland Manor Apartments, and plaintiff declined to file a second amended complaint. Plaintiff may be able to assert claims for money damages against PC and RPM based on their past conduct, but she cannot obtain injunctive relief against them.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for an Ex Parte Emergency Temporary Restraining Order, a Temporary Restraining Order and Brief in Support (Dkt. #27) is **denied**.

**DATED** this 7th day of September, 2023.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE