## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

GINA GOTCHER,

               **Plaintiff,**

v.

PC WOODLAND MANOR, LLC;
and,
RPM LIVING, LLC,

           **Defendants.**

**Case No. 22-CV-00321-SEH-MTS**

### OPINION AND ORDER

Before the Court is Plaintiff's Third Motion to Amend the Complaint.

[ECF No. 32]. For the reasons stated below, the motion is denied.

### I. Background

Plaintiff initiated this action by filing her initial complaint [ECF No. 1],

which was followed by amended complaint. [ECF No. 8]. Plaintiff then filed a

motion to amend, and the Court granted that motion. [ECF No. 26]. The

Court granted Plaintiff leave to file a second amended complaint no later

than May 22, 2023. [*Id*. at 5]. The Court also cautioned Plaintiff about some

potential deficiencies in her proposed second amended complaint. For

example, the Court advised Plaintiff that "she will have to be substantially

more specific as to which claims are asserted against which defendants,

because the proposed second amended complaint appears to be alleging all

eight counts against "defendants" without any additional clarification. It is unlikely that there is a colorable basis for plaintiff to assert all of her claims against each of the 16 defendants she intends to name in her second amended complaint, and it is not clear that the proposed second amended complaint gives each defendant sufficient notice of the factual basis for plaintiff's claims." [*Id.* at 3].

Plaintiff never filed a second amended complaint, but she did file a second motion for temporary restraining order, which was denied on September 7, 2023. [ECF No. 30]. After a few more months of inactivity—and more than 7 months after her deadline to file a second amended complaint passed—the Court entered an order for Plaintiff to show cause why the case should not be dismissed for failure to prosecute her claims. [ECF No. 31]. On the same day she responded to the Court's show cause order, Plaintiff filed her third motion to amend the complaint. [ECF No. 32].

In her motion, Plaintiff states that she was unable to file a second amended complaint by the deadline because she "experienced several medical crises due to changes in her medications and the digression of her visual impairments," and she suffered from other situations in her life. [*Id.* at 2–4]. Plaintiff's counsel offers her opinion that Plaintiff's personal circumstances overwhelmed her and "temporarily impaired her ability to fully understand and to appreciate the Court's admonishment about" her proposed

2

amendment. [*Id.* at 2]. Plaintiff's counsel also represents that she contracted COVID in mid-September 2022, which caused her to be away from her office for several weeks, and that she was able to schedule meetings with Plaintiff in December 2023. [*Id.* at 3].

In response, Defendant PC Woodland Manor LLC highlights that in addition to missing her deadline to file the amended complaint, Plaintiff did not "seek additional time for filing, or otherwise address the issue in any manner whatsoever, until after the Court entered a show cause order." [ECF No. 36 at 2]. Defendant also argues that Plaintiff's newest proposed second amended complaint is still deficient for the reasons identified by the Court in the order granting Plaintiff leave to amend. [*Id.* at 2–3]. Finally, Defendant argues that allowing the second amended complaint would be prejudicial because it would involve claims that it "had no involvement [in] whatsoever," it would increase costs, and it would cause juror confusion [*Id.* at 3].

## II. Discussion

A party may move for leave to amend its pleading under Fed. R. Civ. P. 15(a)(2), and "[t]he court should freely give leave when justice so requires." Allowing a party to amend a pleading is a matter of discretion for the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). A court should ordinarily grant leave to amend unless there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). There are two reasons why Plaintiff should not be granted leave to amend her complaint: (1) undue delay; and (2) failure to cure deficiencies by amendments previously allowed.

First, the Court acknowledges Plaintiff's and her counsel's health and personal circumstances that made it more difficult to timely file the second amended complaint. But nothing in Plaintiff's motion adequately explains why it took so many months to even address this issue, especially given the fact that Plaintiff was able to file a second motion for temporary restraining order the day after her deadline to amend the complaint. Plaintiff only addressed this issue after the Court entered an order to show cause why the case should not be dismissed for failure to prosecute. Plaintiff unduly delayed, so her motion to amend the complaint is denied.

Second, Plaintiff has failed to cure deficiencies in her proposed pleadings. The Court previously cautioned Plaintiff that generally alleging her claims against all the "defendants" without any clarification may not give each defendant sufficient notice of the factual basis for her claims. [ECF No. 26 at 3]. Plaintiff did not resolve this issue in her most recent proposed pleading. [ECF No. 32-1 at 26–32]. Because Plaintiff has not resolved this issue, her motion to amend is denied.

**III. Conclusion**

For the reasons stated above, Plaintiff's Third Motion to Amend the Complaint [ECF No. 32] is DENIED.

DATED this 14th day of March, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE